**SIGNED this 15 day of October, 2020.**



_____
**John T. Laney, III
United States Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CHRISTINE MARIE RAY a.k.a. CHRIS RAY | ) | Chapter 7 Proceeding |
| | ) | |
| Debtor, | ) | Case Number: 19-40640- JTL |
| | ) | |
| THE OTIS OVERBY CO. and | ) | |
| STEVEN MARK OVERBY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTINE MARIE RAY | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION ON
MOVANTS' MOTION TO REOPEN**

The above styled contested matter came before the Court on Movants' motion to reopen case (Movants' Mot. to Reopen Case, Doc. No.18). In this motion, Movants Steven Mark Overby and The Otis Overby Co. request the Court to reopen the Chapter 7 bankruptcy case of Respondent Christine Marie Ray pursuant to 11 U.S.C. § 350(b). Movants argue that, while the Court granted Respondent a discharge on November 13, 2019 with no objections, Movants' technical difficulties in filing an Objection to Discharge before the Federal Rules of Bankruptcy Procedure 4007(c) deadline constitute cause to reopen Respondent's case.

For the reasons stated below, the Court concludes that, because no relief could be granted upon reopening, Respondent's case should not be reopened. Accordingly, Movants' motion is denied.

**I.    PROCEDURAL POSTURE AND FACTS PLED**

The facts of the case are generally undisputed. Respondent filed for Chapter 7 bankruptcy on July 31, 2019. Movants were listed on Respondent's Schedule E/F and were notified of Respondent's bankruptcy proceedings. The § 341(a) meeting of creditors was set for September 12, 2019. On September 12, 2019, Respondent appeared for the § 341(a) creditors meeting and was questioned by counsel for the creditor. The Movants claim a total of $641,154.52 from embezzlement by the Respondent and incidental costs from her wrongdoing. Movants do not make clear under what bankruptcy code section objection to discharge should be granted, however, there are three exceptions to discharge under which Movants might claim exception to discharge under these facts: §§ 523(a)(2), (4), or (6). Under the Federal Rules of Bankruptcy Procedure Rule 4007(c), the filing deadline for an objection to discharge for debt under 11 U.S.C. §§ 523(a)(2), (4), or (6) was November 12, 2019.

Movants state that on November 12, 2019, the deadline for filing, he attempted numerous times to file an Objection to Discharge through PACER, the court's electronic filing system, and repeatedly received error messages. On November 13, 2019, with no objections filed, Respondent's discharge under 11 U.S.C. § 727 was entered. Movants filed this motion to reopen case under 11 U.S.C. § 350(b) on June 23, 2020.

## II. DISCUSSION

A bankruptcy case may be reopened after discharge under § 350(b) of the Bankruptcy Code "to administer assets, to accord relief to the debtor, or for other cause." In determining whether to reopen a case under § 350(b), courts can consider multiple factors including "whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is granted." *In re Envtl. Wood Prod., Inc.*, 609 B.R. 901, 912 (Bankr. S.D. Ga. 2019) (quoting *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017)). If this Court reopened Respondent's case, the Movants would not be entitled to relief because Movants failed to adhere to the deadline in the Rule 4007(c). Thus reopening should be denied.

Under Bankruptcy Procedure Rule 4007(c), "a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." The Advisory Committee Note from 1983 states clearly, "[i]f a complaint is not timely filed, the debt is discharged."

Movants believe this Court should extend the deadline as prescribed in the rule under the doctrine of "equitable tolling." Movants argue that, because of technical difficulties with the Court's online filing system, the deadline should be extended. This argument fails for two reasons.

3

First, technical issues with the online filing system is not adequate grounds for equitable relief. The Clerk's Instructions for the United States Bankruptcy Court for the Middle District of Georgia state:

> If at any time a filer is unable to access the electronic case filing system due to technical problems, and there is insufficient time to obtain a waiver, the court will accept a paper filing based upon the affidavit of the filer as to the circumstances preventing the electronic filing.

There is no evidence that Movants received a waiver, nor attempted to deliver a paper filing to the court in accordance with the Clerk's Instructions. The Bankruptcy Court for the Northern District of Georgia states, "computer freezes and other computer related technical difficulties are not uncommon occurrences, and the appearance of one here does not constitute an extraordinary circumstance." *In re Harper*, 497 B.R. 155 (Bankr. N.D. Ga. 2013). This court agrees. Accordingly, technical difficulties with the court filing system will not constitute grounds for relief and Movants' argument fails.

Second, even assuming this Court's acceptance of Movants' requested grounds for equitable relief, Rule 4007(c) generally does not allow equitable tolling. The Eleventh Circuit denied equitable tolling under Rule 4007(c) in *Byrd v. Alton (In re Alton),* 837 F.2d 457, 459 (11th Cir. 1988) saying,

> The dictates of the Code and Rules are clear. It is not our place to change them. Under Rule 4007(c), any motion to extend the time period for filing a dischargeability complaint must be made before the running of that period. There is almost universal agreement that the provisions of F.R.B.P. 4007(c) are mandatory and do not allow the Court any discretion to grant a late filed motion to extend time to file a dischargeability complaint.

The Eleventh Circuit has also ruled against creditors' requests for equitable tolling in *Durham Ritz, Inc. v. Williamson (In re Williamson)*, 15 F.3d 1037 (11th Cir. 1994) and *Alabama Dep't of Econ. & Cmty. Affairs v. Lett (In re Lett)*, 368 F. App'x 975, (11th Cir. 2010), leading one court to note

4

the Circuit is generally "unsympathetic to creditors' explanations for why they had missed the deadline and were entitled to equitable relief." *Choi v. Promax Investments, LLC (In re Choi)*, 486 B.R. 541, 545–46 (N.D. Ga. 2012).

Furthermore, this Court addressed similar circumstances in *Penland v. Bryan (In re Bryan)*, 448 B.R. 866 (Bankr. M.D. Ga. 2011) and *In re Donnan* 465 B.R. 340, 344 (Bankr. M.D. Ga. 2012). In both cases, this Court held equitable tolling under Rule 4007(c) is permitted only upon finding "some deception by the debtor relating to the deadline." *In re Donnan*, 465 B.R. at 344. In *In re Bryan*, creditor did not receive notice of the bankruptcy proceedings until four days before the Rule 4007(c) deadline, which encompassed a weekend followed by the Thanksgiving holiday. *In re Bryan*, 448 B.R. at 869. The creditor repeatedly attempted and failed to contact the debtor's attorney and subsequently filed a *pro se* complaint dischargeability against the debtor thirteen days after the 4007(c) deadline. *Id*. The Court considered the creditor's late motion solely because debtor initially omitted creditor on his schedules and failed to make the creditor aware of the bankruptcy proceedings. *Id.*

In *In re Donnan*, the Court emphasized the importance of debtor's misconduct in extending the 4007(c) deadline in *In re Bryan* in its decision to not to do so. *In re Donnan*, 465 B.R. at 344. The Court found that a creditor who had notice of the bankruptcy proceeding was not entitled to equitable tolling under 4007(c) in the absence of deceptive conduct on behalf of the debtor. *Id.*

In this case, Movants admit they had notice of the proceedings and knew of the Rule 4007(c) deadline. Movants' failure to meet the deadline resulted from counsel's technical difficulties; Movants were not omitted from Respondent's schedules or otherwise victims of deception relating to the deadline by the debtor. Therefore, Movants' request for equitable tolling must be denied.

Movants' excuse of technical difficulties for missing the deadline set forth in 4007(c) is unpersuasive, and, even if it were persuasive, this Court would not extend the deadline as requested. Therefore, if Respondent's case was reopened, Movants would be barred from submitting a late-filed objection to dischargeability. No relief would be afforded Movants if the case against the Respondent is reopened under § 350(b), and thus their motion to reopen case is denied.